IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FABRIZIA CAVANNA SARMIENTO, | ) | |
| ID # 58251-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:22-CV-1097-L-BH |
| vs. | ) | No. 3:16-CR-56-L(7) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 To Vacate, Set-Aside, or Correct Illegal Sentence*, received on May 17, 2022 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

After first being charged in a superseding indictment and second superseding indictment with other co-defendants, Fabrizia Cavanna Sarmiento (Movant) was charged by third superseding indictment on January 23, 2018, with Racketeer Influenced and Corrupt Organizations (RICO) conspiracy in violation of 18 U.S.C. § 1962(d) (Count One), and conspiracy to interfere with commerce by robbery (Count Two).[2] (*See* doc. 233.) She pleaded guilty to Count One of the third superseding indictment on May 14, 2019, pursuant to a plea agreement. (*See* docs 520, 533.) By judgment dated October 9, 2019, she was sentenced to 87 months' imprisonment on Count One, to be followed by a three-year term of supervised release. (*See* doc. 605 at 1-3.) She did not appeal her conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-56-L(7).

Movant now challenges her conviction and sentence on the following grounds:

(1) Structural Error;

(2) Ineffective assistance of Counsel;

(3) Conflict of Interest;

(4) Fraud on the Court through misrepresentations of facts, and forced agree [sic] upon nonfactaul [sic] facts;

(5) Breach of Contract;

(6) Constitutional Violations; and

(7) Violations to Due Process.

(No. 3:22-CV-1097-L-BH, doc. 1 at 1-2.)

## II.   STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct h[er] sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on October 23, 2019, when the fourteen-day period for appealing her criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). She does not allege that government action prevented her from filing a § 2255 motion earlier, and she has not alleged any newly recognized right. *See* 28 U.S.C. §§ 2255(f)(2), (3).

Movant's claims that are based on alleged events that occurred during plea negotiations and sentencing. Her claims that counsel rendered ineffective assistance during plea negotiations and in investigating her case, and that her plea was involuntary, became known or could have become known through the exercise of due diligence prior to the date her conviction became final. Because the date her conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, October 23, 2019. Movant did not file her § 2255 motion until over two years later, so it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

A.    **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting h[er] rights." *Coleman v. Johnson*, 184 F.3d

3

398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if she shows that: (1) "[s]he has been pursuing h[er] rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

    Here, Movant claims that she is "a nonenglish [sic] speaking layperson through studies with the aide [sic] of additional persons discovered the rights and guanrities [sic] afforded every person that comes before any US Court have been violated, and due diligence has taken time." (No. 3:22-CV-1097-L-BH, doc. 1 at 2.) She also generally states that she learned about her claims and the violation of her rights "[t]hrough due diligence" and "[a]fter major due diligence," (*Id.* at 6, 9.) "[T]he lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations," however. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Additionally, she also has failed to provide any facts or evidence to show that she exercised due diligence and to show the existence of any rare and exceptional circumstance preventing her from filing a timely § 2255 motion. To the extent her filing can be liberally construed as seeking equitable tolling of the AEDPA's limitation period, she has not met her burden to establish circumstances warranting equitable tolling. Her § 2255

motion should therefore be denied as untimely.

**B.     Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of the newly discovered evidence and the evidence presented at trial.  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386).  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.  *McQuiggin*, 569 U.S. at 399-400.  "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'"  *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case.  *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases).  Even if it does, Movant has not met the high burden for the actual innocence exception to the one-year statute of limitations.  Although she makes conclusory denials

about her role in furtherance of the RICO enterprise, as described in the third superseding indictment, she alleges no facts or new evidence showing actual innocence. Accordingly, even if *McQuiggin* applies to guilty plea cases, Movant has failed to overcome the statute of limitations, and her motion is time-barred.

### III.  RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 To Vacate, Set-Aside, or Correct Illegal Sentence*, received on May 17, 2022 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 20th day of May, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE